UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:07-CR-67 |
| | ) | |
| HARLAN CULBERTSON | ) | |

## ORDER

This matter is before the Court on Defendant's *pro se* motion for compassionate release, [Doc. 66]. Citing underlying respiratory issues, Defendant Harlan Culbertson asks the Court to release him from custody in light of the COVID-19 pandemic pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [*Id.*]. The government has responded in opposition. [Doc. 68]. The matter is now ripe for review.

On February 6, 2008, following a jury trial, Defendant was convicted of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 24]. The Court sentenced Defendant to 240 months' imprisonment followed by a five-year term of supervised release. [Doc. 31]. Defendant is presently scheduled to be released from federal custody on April 20, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 15, 2020). Currently, Defendant is incarnated at the Bureau of Prisons ("BOP") facility, McCreary USP in Pine Knot, Kentucky. The most recent statistic from of the BOP reports one staff member is confirmed positive for COVID-19 and one federal inmate has recovered from the virus at McCreary USP. *See* COVID-19, Coronavirus, BOP (May 15, 2020) https://www.bop.gov/coronavirus/.

Once a sentence has been imposed, it generally cannot be modified. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)); *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Under 18 U.S.C. § 3582(c)(1)(A)(i) district courts can consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." As relevant here, Section 3582(c)(1)(A)(i) provides that the court may reduce an imposed term of imprisonment "upon motion of the

1

Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." "Accordingly, in order to be entitled to relief under the statute, [the Defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of his sentence." *United States v. Smith*, No. 3:16-CR-48 (MPS), 2020 WL 1903160, at *2 (D. Conn. Apr. 17, 2020).

Defendant has petitioned the warden for compassionate release and on May 8, 2020, the warden denied Defendant's request. [*See* Doc. 68-1]. The regulations adopted by the Bureau of Prisons provide that when an inmate's request under § 3582(c)(1)(A) is denied by the warden, the inmate may appeal the denial through the Administrative Remedy Procedure ("ARP"). 28 C.F.R. § 571.63(a) (2018). The ARP provides for an appeal by the inmate within 20 days to the appropriate Regional Director, and from there within 30 days to the General Counsel of the Bureau of Prisons. *Id.* at § 542.15(a). A denial by the general counsel constitutes a final administrative decision. *Id.* at § 571.63(b).

Section § 3582(c)(1)(A) excuses full exhaustion of administrative remedies "only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request." *United States v. Nance*, No. 7:92 CR 00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) (citing *United States v. Bolino*, No. 06-cr-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020). In other words, when a warden denies an inmate's request within 30 days, the inmate needs "to exhaust his administrative remedies to appeal the warden's denial before filing." *United States v. Brummett*, No. 6:07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020). *Accord, e.g., United States v. Eisenberg*, No. 16-cr-157-LM, 2020 WL 1808844, at *1 (D.N.H. Apr. 9, 2020); *United States v. Mattingley*, No. 6:15-cr-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020); *United States v. Hilton*, No. 1:18cr324-1, 2020 WL 836729, at *2 (M.D.N.C. Feb. 20, 2020). As such, Defendant has failed to exhaust all administrative rights to appeal.

Alternatively, Section 12003 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), presently and temporarily provides for expanded prisoner home confinement. However, the CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons *See* Atty. Gen. William Barr, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf; Atty. Gen. William Barr, Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf; 18 U.S.C. § 3624(c)(2); CARES Act, Pub.L. 116-136, Div. B, Title II, § 12003(b)(2) ("the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."). While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision. *United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) ("while court can recommend, [the] ultimate decision whether to release inmate to home confinement rests with BOP"). *See United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, *5 (D. Kan. Apr. 16, 2020); *see also United States v. Campbell*, No. 3:12-CR-24 (CAR), 2014 WL 12911957, *1 (M.D. Ga. Sept. 17, 2014) ("Defendant's request to be placed on home confinement lies within the sole discretion of the BOP, and any order from this Court would merely be a recommendation to the BOP to consider placing Defendant in home confinement." (citing 18 U.S.C. § 3621(b))). Accordingly, the Court lacks the authority to grant such relief.

The Court does not discount the effects a pandemic has on all the prison population. Incarcerated individuals face an even greater risk of transmission, given the conditions frequently present in correctional and detention facilities, including crowding, delays in medical evaluation and treatment, rationed access to soap, water, and clean laundry, insufficient infection-control expertise, and involuntary interaction with purportedly asymptomatic individuals who rotate shifts or visit the local facilities. *See United States v.*

3

*Kennedy*, No. 18-20315, 2020 WL 1493481, at *2 (E.D. Mich. Mar. 27, 2020). As prison officials are beginning to recognize around the country, even the most stringent precautionary measures- short of limiting the detained population itself -simply cannot protect detainees from the extremely high risk of contracting this unique and deadly disease. The Court recognizes the unique confluence of serious health issues and other risk factors facing Defendant place him at a substantially heightened risk of dangerous complications should he contract COVID-19.

The Court sympathizes with the Defendant's concerns, but it lacks authority to consider the present motion as explained herein. The motion must therefore be denied. It is HEREBY ORDERED that Defendant's motion for compassionate release, [Doc. 66], is DENIED.

So ordered.

ENTER:

                                                                              s/J. RONNIE GREER
                                                                  UNITED STATES DISTRICT JUDGE